**Kevin Alfred UMAR, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 05–71344.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.[*]

Filed June 29, 2009.

Karen Lynn Barr, Law Offices of Karen L. Barr, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, Andrew Jacob Oliveira, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., ORP–District Director, Office of the District Counsel Department of Homeland Security, Seattle, WA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM [**]

Kevin Alfred Umar, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Hoxha v. Ashcroft,* 319 F.3d 1179, 1183 (9th Cir.2003), and we deny the petition for review.

The agency denied Umar's asylum claim as time-barred. Umar does not challenge this finding in his opening brief.

Substantial evidence supports the agency's denial of withholding of removal because, even if Umar was a member of a disfavored group, he failed to demonstrate the requisite individualized risk of persecution to establish a clear probability of per-

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

secution by Muslims in Indonesia because he has not shown that he would be singled out. *See Lolong v. Gonzales,* 484 F.3d 1173, 1181 (9th Cir.2007) (en banc). Further, the record does not establish there is a pattern or practice of persecution of Christians in Indonesia. *See Wakkary v. Holder,* 558 F.3d 1049, 1060–62 (9th Cir. 2009).

Substantial evidence supports the agency's conclusion that Umar failed to show it is more likely than not that he would be tortured if returned to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.